## PHIL T. MEGAARDEN v. HARTMAN FURNITURE & CARPET COMPANY.[1]

April 28, 1911.

Nos. 16,941—(39).

**Unauthorized agreement by shipping clerk.**

Respondent was a corporation organized with authority to conduct a mercantile business, but with no authority to maintain and operate a public warehouse for the storage of goods. It maintained a warehouse for its own use, but never followed the practice of receiving goods for storage from the public, for hire or otherwise, and never authorized the shipping clerk in charge of the warehouse to do so. *Held*, the statement of the shipping clerk to an owner of household goods, received for storage, that she need not procure the transfer of the insurance, and that her goods would be protected by the insurance carried by the company, did not constitute a contract to insure by the company, since the shipping clerk had no authority to make it, and there was no estoppel by conduct.

Action in the district court for Hennepin county by the executor of the estate of Mattie Mulligan, deceased, to recover $1,250, the value of certain goods alleged to have been stored under contract with defendant. The answer admitted the organization of the corporation, but denied that its corporate powers were set forth in the complaint. The case was tried before Booth, J., and a jury which returned a verdict in favor of plaintiff for $518.31. From an order granting defendant's motion for judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*Phil T. Megaarden, Frank R. Hubachek,* and *George S. Grimes,* for appellant.

*Robert S. Kolliner,* for respondent.

LEWIS, J.

This action is to recover the value of certain household goods belonging to Mrs. Mulligan, which were destroyed by fire while located in defendant's warehouse. It was alleged in the complaint that defendant's business was in part the maintaining of a storage building and warehouse, and that defendant accepted and stored her

[1] Reported in 130 N. W. 1027.

goods under a contract to keep them insured. Plaintiff recovered a verdict, and the trial court ordered a judgment for defendant non obstante, upon the ground that the evidence was not sufficient to prove the contract alleged.

Mrs. Mulligan testified that she made the contract with George A. Brown, the man in charge of the warehouse, as follows: "Well, I asked him how much they would charge me for storing my goods, and he said they wouldn't charge any more than anybody else. * * * I also told him that I had my goods insured, and asked him if it was necessary to have the insurance transferred. And he said, 'No, not necessarily,' because the Hartman Furniture Company carried insurance that covered all their goods, and would also cover mine. * * * He said that all the goods was insured, and my goods would be insured also, and that they carried a certain amount of insurance that covered all the goods in the warehouse, and mine would also be insured, and that it wasn't necessary for me to have the insurance transferred." She stated that no bill for storage had ever been presented, and that she had never paid any.

Brown was called as a witness for plaintiff, and testified that he was a shipping clerk, and that it was his duty to take charge of the warehouse and the men that were employed there; that Mrs. Mulligan called him up, and that he went to her place, and she said that she had been arrested, and wanted to get the goods out of the house. "Then I think I suggested we put them in our warehouse for her." He said it was understood that there would be no charge for the storage—that she was a customer and they were taking her goods simply as a matter of accommodation. He denied that there was to be any charge, and that anything was said about insurance. He stated that no entry was made on the books of the company that the goods had been received.

This makes but a doubtful case of contract of insurance. But, if Mrs. Mulligan's testimony on the subject of insurance be accepted as true and sufficient, we are clear that the evidence fails to establish authority in Brown to make such a contract. Defendant company was incorporated for the purpose of buying and selling goods, the taking of securities in connection therewith, and to hold and dispose

of such personal and real property as might be necessary as an incident to the business. The defendant was not authorized by its articles to operate a storage house, or warehouse where goods were received from the public for storage, and it never did carry on any such business. Brown had no authority to make a contract with Mrs. Mulligan to receive and store her goods for hire, much less to insure them while in storage. He testified that he spoke to the manager about storing the goods, but that was for accommodation only, without charge, and there is no evidence that the subject of insurance was ever mentioned to the manager. Brown had no authority to make the contract, unless expressly authorized, and there is no evidence of express authority. It was not the practice of the defendant to receive goods for storage in that manner, and there was no apparent authority in Brown. No such contract had ever been made by defendant with Mrs. Mulligan, and there was no basis for the application of the doctrine of agency by estoppel. Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236.

Affirmed.